IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SAMUEL ANTHONY WILDER, #258295, | ) Civil Action No. 3:08-2486-MBS-JRM |
| ) | |
| Plaintiff, | ) |
| ) | |
| vs. | ) |
| ) | |
| SOUTH CAROLINA DEPARTMENT OF | ) **REPORT AND RECOMMENDATION** |
| CORRECTION; AND JON OZMINT, IN | ) |
| HIS OFFICIAL CAPACITY AS DIRECTOR OF | ) |
| SOUTH CAROLINA DEPT | ) |
| CORRECTION, | ) |
| ) | |
| Defendants. | ) |
| ) | |

Plaintiff filed this action, pro se, on July 11, 2008. He filed an amended complaint on September 19, 2008.[1] Plaintiff is an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). On July 11, 2008, Plaintiff filed a motion for a preliminary injunction. Defendants filed a memorandum in opposition on January 14, 2009, and Plaintiff filed a reply on February 2, 2009.

Plaintiff requests that a preliminary injunction be issued by the Court ordering that Defendants not retaliate against him for filing this action; SCDC pay for an immediate physical examination by an outside facility of his right shoulder, his lower and upper gastrointestinal tract (to

---

[1] In his amended complaint, Plaintiff added additional defendants. On October 1, 2008, the Court ordered that Plaintiff provide the necessary paperwork for the newly added defendants. Despite extensions of times and warnings of the consequences of the failure to provide the necessary paperwork, Plaintiff failed to comply with the October 1, 2008 order. On December 3, 2008, the Honorable Margaret B. Seymour, United State District Judge, ordered that parties added in the amended complaint (Dr. Ryan Hutchinson, Valerie Sutton, John Doe I, John Doe II, and Dorris Gantt), be dismissed without prejudice pursuant to Federal Rule 41.

determine if his ulcers have healed property), his gums, and his heart and vascular system; and SCDC make modifications of policies and treatment procedures for inmates infected with Hepatitis. Defendants contend that Plaintiff's motion for injunctive relief should be denied because he has not shown irreparable harm, the public could be adversely affected if the requested relief (changing of the Hepatitis protocol) were granted, some of the requested relief is outside the scope of Plaintiff's alleged claims, and Plaintiff is not likely to succeed on the merits of his claims.

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

> (a) plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b) whether plaintiff will suffer irreparable injury if the interim relief is denied;
>
> (c) the injury to defendant if an injunction is issued; and
>
> (d) the public interest.

Manning v. Hunt, 119 F.3d 254, 263 (4th Cir. 1997); Hughes Network Sys., Inc. v. InterDigital Commc'n Corp., 17 F.3d 691, 693 (4th Cir. 1994); North Carolina State Ports Auth. v. Dart Containerline Co., Ltd., 592 F.2d 749 (4th Cir. 1979); and Blackwelder Furniture Co. v. Seilig Manufacturing Co., 550 F.2d 189 (4th Cir. 1977). The two most important factors are probable irreparable injury to a plaintiff if the relief is not granted and the likelihood of harm to a defendant if the injunction is granted. Manning, 119 F.3d at 263; North Carolina State Ports Auth., 592 F.2d at 750.

A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a

resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Plaintiff's motion should be denied because Plaintiff is unlikely to be successful in the underlying dispute between the parties and is unlikely to suffer irreparable injury if interim relief is denied. Plaintiff has not alleged that he has been subjected to any retaliation from filing this action, such that a preliminary injunction from retaliation is speculative.

Plaintiff is requesting relief as to claims which were not brought in his complaint. In his original complaint, Plaintiff alleges claims concerning treatment for Hepatitis and does not allege claims concerning treatment for ulcers, dental, cardiac, or vascular problems. In his amended complaint, Plaintiff asserts claims against additional defendants concerning treatment of ulcers in 2003 and 2004,[2] but these defendants have been dismissed as parties to this action (see n. 1 above).

It is unlikely that Plaintiff will be successful on his underlying claims for Hepatitis care. With his complaint, Plaintiff attached copies of portions of his medical records indicating that although blood tests revealed that he had been infected with the Hepatitis C virus, there was no indication of active disease. Defendants have provided that SCDC policy mandates that medically necessary care will be provided to inmates. They have also provided information from the United States Food and Drug Administration indicating that treatment for Hepatitis C is not always successful, may be unnecessary when the disease is inactive, and may have many side effects. Defendant's Opposition

---

[2]It should be noted that state law concerning limitation of actions applies in claims brought under § 1983. See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also Burnett v. Grattan, 468 U.S. 42 (1984); and Owens v. Okure, 488 U.S. 235 (1989). In South Carolina, the statute of limitations is generally three years for claims arising after April 5, 1988. S.C. Code Ann. § 15-3-530.

3

Memorandum, Ex. C. Plaintiff has not presented anything to dispute this. To the extent that Plaintiff is merely disagreeing with the treatment provided, he fails to show deliberate indifference. See Smart v. Villar, 547 F.2d 112 (10th Cir. 1976); Lamb v. Maschner, 633 F. Supp. 351, 353 (D.Kan. 1986). Further, requiring SCDC to change its Hepatitis policy would likely cause economic harm to the SCDC system if the treatment requested by Plaintiff were required for those with inactive disease.

**Based on review of the record, it is recommended that Plaintiff's motion for a preliminary injunction (Doc. 3) be denied.**



Joseph R. McCrorey
United States Magistrate Judge

February 4, 2009
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).