IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Anthony Wilder, #258295,            ) | |
|                                             ) | C/A No. 3:08-2486-MBS |
|       Plaintiff,            ) | |
|                                             ) | |
|   vs.            ) | **O R D E R** |
|                                             ) | |
| South Carolina Department of Correction;    ) | |
| and Jon Ozmint, in his Official Capacity    ) | |
| as Director of South Carolina Dept. of      ) | |
| Correction,            ) | |
|                                             ) | |
|       Defendants.            ) | |
| _____) | |

      Plaintiff Samuel Anthony Wilder is an inmate in custody of the South Carolina Department of Corrections. Plaintiff currently is housed at Lieber Correctional Institution in Ridgeville, South Carolina. Plaintiff, proceeding pro se, filed a complaint on July 11, 2008, as amended September 19, 2008, asserting that Defendants have failed to treat him for Hepatitis C, in violation of his constitutional rights. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983. At the time of filing the original complaint, Plaintiff also filed a motion for preliminary injunction (Entry 3).

      In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On February 4, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's motion for preliminary injunction be denied because Plaintiff is not likely to be successful on the merits and is unlikely to suffer irreparable injury if interim relief is denied. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977) (setting forth factors for determining whether to grant injunctive relief prior to a trial on the merits: (a) plaintiff's likelihood of success on

the merits; (b) whether plaintiff will suffer irreparable injury if the interim relief is denied; (c) the injury to defendant if an injunction is issued; and (d) the public interest). Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Plaintiff's motion for preliminary injunction is **denied**. The case is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 12, 2009.