IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Samuel Anthony Wilder, #258295,      )
                                     )   C/A No. 3:08-2486-MBS
                        Plaintiff,   )
                                     )
            vs.                      )
                                     )          **O R D E R**
South Carolina Department of Correction;  )
and Jon Ozmint, in his official capacity   )
as Director of the South Carolina     )
Department of Correction,            )
                                     )
                        Defendants.  )
_____ )

     Plaintiff Samuel Anthony Wilder is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff, proceeding pro se, filed the within action on January 11, 2008, alleging that he had been discriminated against in violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; and § 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 794(a).

     This matter is before the court on Defendants' motion for summary judgment, which motion was filed February 4, 2009 (Entry 61). By order filed February 5, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible consequences of failing to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on February 26, 2009, to which Defendants filed a reply on May 6, 2009 and Plaintiff filed a surreply on May 19, 2009. Defendants thereafter filed an additional reply on June 11, 2009, to which Plaintiff responded on July 14, 2009.

     In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On August 7, 2009,

the Magistrate Judge issued a Report and Recommendation in which he recommended that Defendants' motion for summary judgment be granted and that a number of non-dispositive motions filed by Plaintiff be denied. Plaintiff filed objections to the Report and Recommendation on August 25, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. DISCUSSION

The facts are thoroughly discussed in the Report and Recommendation. Briefly, Plaintiff has been diagnosed with Hepatitis C. Hepatitis C is a virus that can attack the liver, causing it to become inflamed. Over time, a Hepatitis C infection can lead to liver cancer, liver failure or cirrhosis. See http://mayoclinic.com/health/hepatitis-c/DS00097. Plaintiff acknowledges that he is asymptomatic with respect to Hepatitis C. Entry 1 (Complaint), 3. Plaintiff's liver function tests are normal and have been for at least four years. See Entry 61 (Affidavit of Robert E. Babb, M.D.), ¶¶ 26, 31 32. Plaintiff is not showing effects of liver damage at this point. Id. ¶ 33. Plaintiff has received literature regarding his disease as well as immunization against Hepatitis A and B, but has not been specifically treated for Hepatitis C.

A.     Claims Under the ADA and Rehabilitation Act

Plaintiff contends that he is disabled within the meaning of the ADA and the Rehabilitation Act, and that Defendants discriminated against him by denying him equal access to a "Hepatitis C Clinic" because of the cost of the treatment.[1]  Plaintiff contends that the Magistrate Judge erred in finding that Defendants validly excluded Plaintiff from the Hepatitis C medical service program. The court disagrees.

As the Magistrate Judge noted, the ADA and Rehabilitation Act generally are construed to impose the same requirements, and both are subject to the same analysis.  Baird ex rel. Baird v. Rose, 192 F.3d 462, 468 (4th Cir. 1999) (quoting Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d 1261, 1264 n.9 (4th Cir. 1995)). For the sake of simplicity, the court will review Plaintiff's claims with respect to the ADA.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The ADA applies to state prisons and prisoners.  Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998).  To establish a violation of the ADA, Plaintiff must demonstrate that (1) he has a disability; (2) he is otherwise qualified for the benefit in question; and (3) he was excluded from the benefit due to discrimination solely on the basis of the disability.  Baird, 192 F.3d at 467 (citing Doe, 50 F.3d at 1265).  The same test applies to claims brought under the Rehabilitation Act.  Spencer v. Earley, 278 F. App'x 254, 261 (4th Cir. 2008).

---

[1] The Hepatitis C Clinic is not a separate infirmary, but refers to evaluation and possible treatment. Entry 61-2 (Affidavit of Robert E. Babb, M.D.), ¶ 13.

Plaintiff first contends that his Hepatitis C condition, although asymptomatic, is a disability.

A "disability" under the ADA means, with respect to an individual:

>    (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

>    (B) a record of such an impairment; or

>    (C) being regarded as having such an impairment[.]

42 U.S.C.A. § 12102(1).

Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working. § 12102(2)(A). A major life activity also includes the operation of a major bodily function, including, but not limited to, functions of the immune system; normal cell growth; and digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions. Id. (2)(B).

Defendants do not dispute that Hepatitis C is a physical impairment. Plaintiff contends that Hepatitis C substantially limits "major life activities" of sexual activity and reproduction. Accepting for purposes of summary judgment that Plaintiff has identified an impairment of a "major life activity"[2] under § 12102, the question becomes whether the impairment "substantially limits" the major life activity identified by Plaintiff. The term "substantially limits" is to be interpreted strictly to create a demanding standard for qualifying as disabled. A Helping Hand, LLC v. Baltimore

---

[2] Defendants argue that, in this case, sexual activity and reproduction do not constitute "major life activities" because (1) Plaintiff is forbidden from engaging in sexual activity in prison, (2) Hepatitis C is not passed through sperm, and (3) Plaintiff experienced side effects from prostrate surgery. See Entry 95, 4-5. The court considers these arguments to be more germane to the "substantial limitation" portion of the analysis.

County, 515 F.3d 356, 367 (4th Cir. 2008) (quoting Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 197 (2002)).  Among the factors court should consider in making the substantial limitation determination are the impairment's nature and severity and expected duration.  Heiko v. Colombo Savings Bank, 434 F.3d 249, 257 (4th Cir. 2006) (quoting 29 C.F.R. § 1630.2(j)(2)(i)-(ii)).  The impairment must be permanent or long term.  Id. (quoting Toyota Motor Mfg., 534 U.S. at 198).  Whether a person is substantially limited is a distinct and individualized inquiry that must consider not only a particular plaintiff's limitations, but also the effects of corrective mitigation measures.  Id. at 256.  Just as not every impairment of sight is a substantial limitation, not every instance of Hepatitis C will constitute a substantial limitation.  See id. (discussing kidney disease).

As Defendants note, Plaintiff, as other SCDC inmates, is prohibited from engaging in sexual activity while in the prison system in South Carolina.  Entry 95-1 (SCDC Policy/Procedure), 25-26, 28).  Thus, there is little support for an argument that Plaintiff's Hepatitis C condition "substantially limits" a major life activity.  Contrary to Plaintiff's contention that the focus "should be on limited to [sic] life major activity, not propose sex life of a prisoner[,]" Entry 90, 4, the court must examine the unique facts and circumstances surrounding Plaintiff's particular impairment.  Heiko, 434 F.3d at 257 (citing cases).  Whether a plaintiff is substantially limited is a case-by-case determination.  Id. at 257 n.3 (citing EEOC v. Sarah Lee Corp., 237 F.3d 349, 352 (4th Cir. 2001)).  The court concludes that Plaintiff's impairment does not rise to the level of severity that the "substantial limitation" requirement demands.

Even if the court were to determine that Plaintiff is disabled, Plaintiff has failed to establish the remaining prongs of the test.  As to the requirement that Plaintiff be otherwise qualified for the benefit in question, Title II of the ADA defines a "qualified individual with a disability," against

whom discrimination is forbidden, as an individual with a disability who, "'with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.'" Torcasio v. Murray, 57 F.3d 1340 (4th Cir. 1995) (quoting 42 U.S.C. § 12131(2). In this case, Plaintiff was evaluated for Hepatitis C treatment in accordance with SCDC protocols. Plaintiff was excluded from treatment on August 25, 2005 because of poor control of a major medical or psychiatric illness. Entry 61-2 (Hepatitis C Treatment Evaluation Record).[3] Plaintiff's Medical Summary supports a finding that Plaintiff was not compliant with prescribed treatment or diet. See, e.g., Encounter 289 (did not continue exercises as suggested by orthopaedist); Encounter 274 (refused to have tooth extracted); Encounter 269 (needed follow up with compliance of meds or diet); Encounter 251 (admitted to noncompliance with meds); Encounter 169 (stopped taking medications); Encounter 167 (diet cancelled due to noncompliance). The court finds that Plaintiff did not meet the essential eligibility requirements for the receipt of Hepatitis C treatment, either with or without reasonable modifications to SCDC policy.

As to Plaintiff's contention that he was excluded from the treatment due to discrimination solely on the basis of his disability, Plaintiff must demonstrate that his disability played a motivating role in the decision. See Baird, 192 F.3d at 470. According to Defendants, Plaintiff does not require treatment for Hepatitis C at the present time. See Entry 61-2 (Affidavit of Robert E. Babb, M.D.), ¶¶ 34, 38. The court concludes that Plaintiff has failed to show that he was excluded from the Hepatitis C treatment program because of his Hepatitis C.

---

[3] The evaluation also lists "possible" uncontrolled hypothyroidism.

The within action is analogous to Lopez v. Correctional Med. Servs., 2009 WL 1883915 (D.N.J. June 30, 2009). In Lopez, a prisoner was diagnosed with Hepatitis C. He brought a claim under the ADA, asserting that he had not received proper treatment for his medical condition. With respect to the third prong of the test, the Lopez court's analysis is instructive:

> Lopez has not, however, presented sufficient evidence to create a genuine issue of material fact as to whether he was subjected to discrimination, or excluded from participation in, or denied the benefits of the services, programs, or activities by Defendants because of his alleged disability. Defendants argue that Lopez does not have a viable ADA claim because he has simply argued that he was denied treatment for his HCV [Hepatitis C virus]. In Iseley v. Beard, 200 Fed. Appx. 137, 142 (3d Cir. 2006), the Court held that the plaintiff's claim that he was denied medical treatment for his disabilities is not encompassed by the ADA's prohibitions. In order for a claim to be cognizable under the ADA, a plaintiff must be able to show that he was excluded from services or programs "on the basis of his disability." Id. (citing Bryant v. Madigan, 84 F.3d 246, 248 (7th Cir. 1996)). Here, Lopez has not alleged facts that could show that he was denied services because he had HCV. Rather, his claims are that Defendants refused to treat his HCV . . . . Thus, Lopez has failed to present a viable ADA claim based upon his hepatitis.

Lopez, 2009 WL 1883915 at *11.

Plaintiff's objections to the Report and Recommendation as to this issue are without merit.

B.    Claims under 42 U.S.C. § 1983

The Magistrate Judge determined that, to the extent Plaintiff raises claims that Defendants' actions violated his rights under the Eighth and Fourteenth Amendments, Defendants' motion for summary judgment should be granted because Plaintiff has failed to exhaust his claims as required by 42 U.S.C. § 1997e(a). Plaintiff asserts that exhaustion is not required because the ADA is controlling. The court is aware of no exception to administrative exhaustion of § 1983 claims for denial of medical care. As the Magistrate Judge properly found, the exhaustion requirement set forth in § 1997e(a) applies to all inmate suits about prison life, whether they involve general circumstances

or particular episodes, and whether they allege excessive force or some other wrong.  See <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).  Plaintiff's objection is without merit.

C.    <u>State Law Claims</u>

The Magistrate Judge further recommended that the court dismiss any remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).  Plaintiff contends in his objections that "State Law Claims whether dismissed or not still fall within ADA and it remedial provisions."  Entry 113, 25 (errors in original).  The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47-48 (4th Cir. 1982).  Plaintiff's objection is without merit.

D.    <u>Preliminary Injunction</u>

Plaintiff filed a motion for preliminary injunction on May 6, 2009, seeking the court to order Defendants to allow him to participate in the Hepatitis C Clinic.[4]  Plaintiff contends that the Magistrate Judge erred in recommended that the motion for preliminary injunction be denied.

The court is required to consider and balance four factors in determining whether to grant injunctive relief prior to a trial on the merits:

(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied,

(2) the likelihood of harm to the defendant if the requested relief is granted,

(3) the likelihood that the plaintiff will succeed on the merits, and

(4) the public interest.

---

[4] As the Magistrate Judge correctly noted, Plaintiff's requests that he be vaccinated against Hepatitis A and B and that Defendants make known their Hepatitis C protocol are moot, as Plaintiff has received the relief requested.  <u>See</u> Entry 91-1 (Affidavit of Wilbur J. Jones), ¶¶ 14, 16, 17.

<u>Direx Israel, Ltd. v. Breakthrough Med. Corp.</u>, 952 F.2d 802, 812 (4th Cir. 1991) (citing <u>Blackwelder</u>

<u>Furniture Co., v. Seilig Mfg. Co.</u>, 550 F.3d 189, 193 (4th Cir. 1977)). The two most important factors

are probable irreparable injury to the plaintiff if relief is not granted and the likelihood of harm to

the defendant if relief is granted. <u>North Carolina State Ports Auth. v. Dart Containerline Co.</u>, 592

F.2d 749, 750 (4th Cir. 1979).

Plaintiff contends that he is likely to be successful on the merits, is at risk of harm from lack

of treatment, any threatened injury to him outweighs any harm to Defendants, and the public interest

would be served by educating prisoners about the disease. The court concludes, however, that for

the reasons set forth hereinabove, Plaintiff has not established an entitlement to injunctive relief.

Plaintiff's objections are without merit.

E.  <u>Motions to Strike</u>

The Magistrate Judge recommended that Plaintiff's motions to strike the affidavits of Dr.

Babb, Nurse Practitioner Wilbur J. Jones, and Brenda Dash-Frazier (Entries 100, 101, 103) be

denied. Plaintiff contends in his objections that Dr. Babb and Mr. Jones were not employed by

SCDC when the alleged violations under the ADA and Rehabilitation Act occurred, so they are not

competent to testify to the facts contained in the affidavits. Plaintiff further contends that Ms. Dash-

Frazier, SCDC's record custodian, vouched for medical services personnel.

Pursuant to Fed. R. Civ. P. 72(a),

When a pretrial matter not dispositive of a party's claim or defense is referred to a
magistrate judge to hear and decide, the magistrate judge must promptly conduct the
required proceedings and, when appropriate, issue a written order stating the
decision. A party may serve and file objections to the order within 10 days after
being served with a copy. A party may not assign as error a defect in the order not
timely objected to. The district judge in the case must consider timely objections and
modify or set aside any part of the order that is clearly erroneous or is contrary to law.

The Magistrate Judge recommended that the affidavits of Dr. Babb and Mr. Jones not be stricken because they were submitted as opinions of a treating physician and nurse practitioner, and not as expert testimony. The Magistrate Judge further noted that, even if the affidavits were not considered, the outcome of Plaintiff's underlying claims would remain the same based upon the medical evidence submitted by Defendants. As to the affidavit of Ms. Dash-Frazier, the Magistrate Judge noted that Plaintiff did not dispute that the records are correct or not his. The court has thoroughly reviewed the record and rulings of the Magistrate Judge, and finds that they are not clearly erroneous or is contrary to law. Plaintiff's objections are without merit.

## II. CONCLUSION

For the reasons stated, Defendants' motion for summary judgment (Entry 61) is **granted**. Plaintiff's motion for preliminary injunction (Entry 87) is **denied**. Plaintiff's motions to strike (Entries 100, 101, 103) are **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 1, 2009

## NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**